# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of December, two thousand twenty-four.

Present:
    JOHN M. WALKER, JR.,
    MICHAEL H. PARK,
    ALISON J. NATHAN,
        *Circuit Judges.*

---

MICHAEL DAVIS-GUIDER,

    *Plaintiff-Appellant*,

v.                                                       23-589

CITY OF TROY, RONALD FOUNTAIN, DANIELLE COONRADT, CHARLES MCDONALD, TIM COLANERI, RENSSELAER COUNTY, MICHAEL SIKIRICA,

    *Defendants-Appellees.**

---

FOR PLAINTIFF-APPELLANT:    MAX RODRIGUEZ, Pollock Cohen LLP, New York, NY (Brett H. Klein, Brett H. Klein Esq. PLLC, New York, NY *on the brief*).

FOR DEFENDANTS-APPELLEES:    RHIANNON I. GIFFORD, Pattison, Sampson, Ginsberg & Griffin, PLLC, Troy, NY, *for*

---

* The Clerk's office is directed to amend the caption as reflected above.

*City of Troy, Ronald Fountain, Danielle Coonradt, Charles McDonald, Tim Colaneri.*

CRYSTAL R. PECK, Bailey, Johnson & Peck, P.C., Albany NY, *for Rensselaer County, Michael Sikirica*.

Appeal from a judgment of the United States District Court for the Northern District of New York (Stewart, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff Michael Davis-Guider appeals from the district court's grant of summary judgment to Defendants on Davis-Guider's (1) malicious prosecution claims under 42 U.S.C. § 1983 and New York state law; (2) § 1983 claims that Defendants denied his right to a fair trial by fabricating evidence; and (3) supplemental claims, including municipal liability claims under *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978), and § 1983 conspiracy claims. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Davis-Guider was the prime suspect in an investigation by the Troy Police Department into the death of the two-year-old daughter ("V.D") of Davis-Guider's girlfriend. Davis-Guider claims that he found V.D. unresponsive when we woke up, briefly attempted CPR, and immediately called 911. But Troy Police Department Officer Danielle Coonradt reported that Davis-Guider told her he was awake by 11:00am, two hours before he called 911 at 1:09pm. And the autopsy report of Rensselaer County medical officer Michael Sikirica concluded that V.D.'s death was a homicide caused by blunt force trauma.

The Rensselaer County District Attorney's Office presented the case against Davis-Guider to a grand jury. Troy Police Department Detective Ronald Fountain testified that Davis-Guider was oddly calm about V.D.'s death, and that, in his view, V.D.'s bed appeared too tidy for Davis-Guider to have performed CPR on it as he had claimed. Sikirica also told the grand jury that V.D. had electrical activity in her heart when EMS arrived, which meant she was fatally struck just 15-20 minutes prior. After hearing this evidence, the grand jury indicted Davis-Guider on two counts of manslaughter and endangering the welfare of a child. But Davis-Guider was ultimately acquitted, after first spending nearly a year in jail awaiting trial.

Following his acquittal, Davis-Guider filed a complaint against the City of Troy, Ronald Fountain, Danielle Coonradt, Charles McDonald, Tim Colaneri, Rensselaer County, and Michael Sikirica, among others, alleging that he was indicted due to their investigatory misconduct. Defendants moved for summary judgment, the district court granted their motions, and Davis-Guider now appeals.

"We review *de novo* a district court's grant of summary judgment, 'construing the evidence in the light most favorable to the non-moving party and drawing all reasonable inferences in its favor.'" *Mitchell v. City of New York*, 841 F.3d 72, 77 (2d Cir. 2016) (quoting *Costello v. City of Burlington*, 632 F.3d 41, 45 (2d Cir. 2011)). This Court "'may affirm on any grounds for which there is a record sufficient to permit conclusions of law, including grounds not relied upon by the district court.'" *Id.* (quoting *Holcomb v. Lykens*, 337 F.3d 217, 223 (2d Cir. 2003)) (cleaned up).

I.      **Malicious Prosecution**

"In order to prevail on a § 1983 claim against a state actor for malicious prosecution, a plaintiff must show a violation of his rights under the Fourth Amendment and must establish the elements of a malicious prosecution claim under state law." *Manganiello v. City of New York*, 612 F.3d 149, 160–61 (2d Cir. 2010) (internal citations omitted). Under New York state law, "a plaintiff must prove '(1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for defendant's actions.'" *Id.* at 161 (quoting *Murphy v. Lynn*, 118 F.3d 938, 947 (2d Cir. 1997)). A malicious prosecution claim brought under § 1983 also requires a "sufficient post-arraignment liberty restraint." *Kee v. City of New York*, 12 F.4th 150, 162 (2d Cir. 2021) (internal quotation marks omitted).

"[A] malicious prosecution claim will be defeated by a showing of probable cause (that is, by a showing of an independently reasonable basis for the deprivation of liberty)." *Barnes v. City of New York*, 68 F.4th 123, 132 (2d Cir. 2023). And because a grand jury indicted Davis-Guider, probable cause is presumed. *Savino v. City of New York*, 331 F.3d 63, 72 (2d Cir. 2003). The "*only*" way Davis-Guider can rebut the presumption of probable cause and thus survive summary judgment is by showing that his "indictment was procured by 'fraud, perjury, the suppression of evidence or other police conduct undertaken in bad faith.'" *Id.* (quoting *Colon v. City of New York*, 60 N.Y.2d 78, 83 (1983)) (emphasis in original).

Davis-Guider has not pointed to any evidence that would create a reasonable inference that his indictment was the product of bad-faith conduct. First, Davis-Guider argues that Coonradt's report, Fountain's testimony, and Sikirica's testimony all contained errors because, in fact, he

4

wasn't awake at 11:00am, he didn't have a calm demeanor, V.D.'s bed wasn't tidy, and V.D. didn't have a heartbeat when EMS arrived. Davis-Guider asserts that Defendants made misrepresentations to the contrary in bad faith because they sought "to manufacture support for a hunch" that he killed V.D. Appellant's Br. at 4. But even accepting his version of events, Davis-Guider offers no proof that Defendants' alleged mistakes were motivated by bad faith. *See Colon*, 60 N.Y.2d at 83 (proving bad faith requires more than "witnesses' differing perceptions of the incidents they observed"). Davis-Guider's bare allegation that Defendants were "motivat[ed] to paint [him] as more suspicious than he was," Appellant's Br. at 33, is "mere 'conjecture' and 'surmise'" that cannot on its own support a malicious prosecution claim. *Savino*, 331 F.3d at 73 (quoting *Bryant v. Maffucci*, 923 F.2d 979, 982 (2d Cir. 1991)).

Second, Davis-Guider argues that Defendants acted in bad faith by hastily ruling out any cause of V.D.'s death where Davis-Guider wasn't to blame. Specifically, Davis-Guider faults Sikirica for declaring V.D.'s death a homicide before all the medical test results had come back, and for failing to tell the grand jury that EMS's unsuccessful CPR attempts might have contributed to V.D.'s death. But this too is insufficient to establish bad faith. By the time Sikirica told Fountain he planned to rule V.D.'s death a homicide, Sikirica had already examined V.D.'s body, noting bone fractures and liver lacerations which he thought inconsistent with any other cause of death. And even assuming Sikirica should have given greater consideration to alternative explanations for V.D.'s death, that failure would not be akin to bad faith, which requires that any "discrepancies between the evidence possessed by the authorities and the evidence presented '[must be] so substantive that failure to disclose them would be comparable to fraud or perjury.'" *Marshall v. Sullivan*, 105 F.3d 47, 55 (2d Cir. 1996) (quoting *Gisondi v. Town of Harrison*, 72

5

N.Y.2d 280, 285 (1988)); *see also Colon*, 60 N.Y.2d at 83 (explaining that the failure to pursue "further avenues of investigation . . . is not the equivalent of fraud or suppression of evidence").

Davis-Guider thus failed to rebut the presumption of probable cause by creating a plausible inference of bad-faith conduct, so the district court properly granted summary judgment for Defendants on the § 1983 and New York malicious prosecution claims.

## II. Fair Trial

In a § 1983 suit alleging the denial of a fair trial because of fabricated evidence, a plaintiff must show that "an (1) investigating official (2) fabricate[d] information (3) that is likely to influence a jury's verdict, (4) forward[ed] that information to prosecutors, and (5) the plaintiff suffer[ed] a deprivation of life, liberty, or property as a result." *Garnett v. Undercover Officer C0039*, 838 F.3d 265, 279 (2d Cir. 2016).

The second element of a fair trial claim based on fabricated evidence requires a plaintiff to prove that a defendant's use of inaccurate information was "knowing, as opposed to mistaken." *Barnes*, 68 F.4th at 129; *see also Garnett*, 838 F.3d at 280 (explaining that "an arrestee must prove by a preponderance of the evidence that the officer *created* false information" (emphasis added)). Absent *scienter*, showing that the prosecution relied on false evidence is insufficient.

Here, Davis-Guider has not pointed to any evidence showing that Defendants knowingly used inaccurate evidence. Davis-Guider's argument relies on the speculation that because Defendants provided prosecutors with inaccurate information, they must have fabricated evidence. Without any proof of *scienter*, however, that assumption is not a reasonable inference. The mere fact that the parties present conflicting evidence does not mean that one side's evidence was fabricated. *See Steinbergin v. City of New York*, 2022 WL 1231709, at *3 (2d Cir. Apr. 27, 2022)

6

(summary order) (concluding that plaintiff could not make a fabricated evidence claim "simply by denying that he sold drugs to [an undercover officer]" because, at most, the allegation would support an inference of mistaken identification, rather than knowing fabrication); *Morse v. Fusto*, 804 F.3d 538, 547 (2d Cir. 2015) (explaining that a plaintiff must prove a defendant's fabrication was "made knowingly"); *Halsey v. Pfeiffer*, 750 F.3d 273, 295 (3d Cir. 2014) ("[T]estimony that is incorrect or simply disputed should not be treated as fabricated merely because it turns out to have been wrong.").

Because Davis-Guider has adduced no evidence that Defendants knowingly fabricated evidence, the district court properly granted Defendants' motion for summary judgment on Davis-Guider's fair trial claims.

### III. Municipal Liability and § 1983 Conspiracy

Finally, the district court properly granted Defendants' motion for summary judgment on Davis-Guider's municipal liability and § 1983 claims. Those theories of liability depend on the viability of Davis-Guider's § 1983 malicious prosecution and fair trial claims. *See Anilao v. Spota*, 27 F.4th 855, 874 (2d Cir. 2022) ("[A] *Monell* claim cannot succeed without an independent constitutional violation."); *Singer v. Fulton Cnty. Sheriff*, 63 F.3d 110, 119 (2d Cir. 1995) ("[A] plaintiff alleging a § 1983 conspiracy claim must prove an actual violation of constitutional rights."). Because we conclude that the district court correctly dismissed Davis–Guider's fair trial and malicious prosecution claims, it was also correct to reject his municipal liability and § 1983 conspiracy claims.

\* \* \*

We have considered all of Davis-Guider's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court